UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony D. Sanders, #06132-007, | ) C/A No. 3:09-3342-CMC-JRM |
| Petitioner, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Mr. Eric Holder, United States Attorney General, | ) |
| Respondent. | ) |

The petitioner, Anthony D. Sanders ("Petitioner"), proceeding *pro se*, brings this habeas action pursuant to 28 U.S.C. § 2241.[1] Petitioner is a prisoner at Federal Correctional Institution, in Edgefield, South Carolina ("FCI-Edgefield"), a facility of the Federal Bureau of Prisons ("BOP"). Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

## **DISCUSSION**

The petitioner is a District of Columbia Code offender. He was sentenced in the District of Columbia Superior Court and committed to the custody of the United States Attorney General. Petitioner is currently imprisoned in FCI- Edgefield within the jurisdiction of this District Court. He files a habeas petition under 28 U.S.C. § 2241 against the United States Attorney General, which he incorrectly designates as his custodian and the respondent in this case.[2]

Petitioner availed himself of the BOP's Administrative Remedy Program, apparently in an

---

[2] The proper respondent in this habeas corpus action under 28 U.S.C. § 2241 is the warden of the correctional institution in which Petitioner is held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

2

attempt to exhaust his administrative remedies before filing for relief in federal court. Each of Petitioner's "cause of action" appears to relate to alleged irregularities in the administrative remedy program process. Petitioner first alleges documents were removed from his administrative remedy request, which caused the request to be denied. He next alleges "corruption/misconduct in office by rejecting" his remedy request "under the false pretense that petitioner submitted continuation pages" in violation of policies. Petitioner's third cause of action alleges "the respondent agent(s) did not submit petitioner's request for admin. remedy in order that it will not be date stamped and receipt," resulting in it being found untimely. Petitioner's fourth cause of action alleges "corruption/misconduct in office by fictiously [sic] asserting that petitioner submitted an 'AFFIDAVIT OF ADMINISTRATIVE REMEDY' when in fact petitioner submitted (attached to his BP-8) a 'COMPLAINT UNDER THE ADMINISTRATIVE REMEDY BY AFFIDAVIT.'" Petitioner's fifth cause of action alleges "corruption/misconduct of office by fictiously [sic] asserting that petitioner's BP-9 form were 'BLANK' in order that it will be unlawfully rejected." Petitioner's sixth cause of action alleges "respondent agents had a ministerial duty while holding a position/office of trust to immediately report 'any' violation" under the BOP's Standards of Employees Conduct, which they "refused to do." Petitioner's seventh cause of action alleges "corrupt, conspiratorial, willful, official, wanton, and reckless misconduct" that was taken in "knowing and reckless disregard of petitioner's constitutional and statutory rights as well as clearly established administrative regulations without reasonable belief that such acts were legal." Petitioner's final cause of action alleges Petitioner "was denied the right to effect a remedy concerning the corruption/misconduct in office perpetrated by the respondent agents in an effort to deprive and frustrate the petitioner's right to formal review" within the BOP's administrative remedy

3

program. The petition does not indicate what underlying issue Petitioner was using the administrative remedy process to address.

The petition only raises grounds regarding irregularities in the administrative remedy process itself. The petition does not claim loss of a liberty interest, which could effect his custody, in connection with the alleged administrative irregularities. Petitioner makes claims of deprivation of his right to administrative remedies; violation of good faith discharge of duties of office; violation of his First Amendment right to redress his grievance; and deprivation of his Fifth Amendment right to due process of law. He requests the Court declare the "respondent agents" breached their fiduciary duty; declare the "respondent agents" violated petitioners constitutional and statutory rights; "issue an order to prevent the respondent agents from relying on their invalid and unrestricted impairment of integrity practices;" and expedite this action. The habeas petition does not raise any grounds on which habeas relief may be granted, and, in fact, does not actually request habeas relief.

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody, rather than the conditions of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (Habeas corpus is the "exclusive remedy" for a "prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."). Title 28 U.S.C. § 2241 permits a district court to grant a writ of habeas corpus to a prisoner if he "is in custody in violation of the Constitution or laws or treaties of the United States." A petition for habeas corpus under § 2241 is the proper method to challenge the execution of a federal sentence that effects the duration of confinement. *See United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*)); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). However, Petitioner does

4

not raise grounds, or present facts, that could be construed to challenge the execution of his federal sentence or impact the duration of his confinement. Therefore, it is clear from the petition that Petitioner is not entitled to a writ of habeas corpus pursuant to § 2241, and the petition should be dismissed.

If the habeas petition is liberally construed as a civil rights complaint[3] because it does not seek habeas relief, the document fails to raise a claim for violation of Petitioner's constitutional rights. The Supreme Court, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), created a cause of action against individual federal officials for money damages arising from constitutional violations where no other remedy exists. Even if Petitioner was permitted to amend the pleading to name individual defendants, and he sought monetary damages, the factual allegations of the pleading are insufficient to state a claim for violation of Petitioner's constitutional rights.

Petitioner has no constitutional right of access to a prison grievance system such as the BOP's administrative remedies program. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (Constitution creates no entitlement to grievance procedures or access to any such procedure). Misapplication or failure to comply with BOP policies or program statements, standing alone, do not amount to constitutional violations. *See United States v. Caceres*, 440 U.S. 741, 751-52 (1978) (violation of agency regulations do not raise constitutional questions). Petitioner's First Amendment right to petition the government for redress rests in his access to the courts. *Flick v. Alba*, 932 F.2d 728, 729 (4th Cir. 1991) ("When the claim underlying the administrative grievance involves a constitutional

---

[3] A civil rights action requires payment of the $350 filing fee pursuant to 28 U.S.C. § 1915(b)(1).

right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.") The alleged irregularities in the prison administrative remedies program do not deny Petitioner access to the court, and thus do not violate his First Amendment rights. *Id.* The pleading does not allege Petitioner was hindered in his efforts to pursue a legal claim in the courts and fails to identify an actual injury resulting from a denial of access to the courts, so the pleading fails to state a claim for denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (actual injury is constitutional prerequisite). Petitioner's claims for violation of due process are also lacking, because procedural due process is only required when loss of a property or liberty interest is involved. *See Wolff v McDonnell*, 418 U.S. 539, 557 (1974); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982). The petition makes no mention of a property or liberty interest of Petitioner that has been deprived by alleged irregularities in the processing of his administrative remedy request. Without a property or liberty interest to protect, the Petitioner is not entitled to minimum procedural protections. *Wolff v McDonnell*, 418 U.S. at 557. The factual allegations of the pleading do not state a claim for deprivation of due process. The pleading contains no allegations that state, or imply, the violation of Petitioner's constitutional rights, so the pleading fails to state a *Bivens* claim.

The petition filed pursuant to 28 U.S.C. § 2241 in this case fails to state grounds on which habeas relief may be granted. If the petition is construed as a civil rights action, the pleading fails to state a claim under *Bivens*. The pleading fails to allege factual allegations that identify denial of Petitioner's constitutional rights, therefore no claim has been stated on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)(dismissal if fails to state a claim on which relief may be granted).

6

**RECOMMENDATION**

Accordingly, it is recommended that the petition for a writ of habeas corpus in this case be dismissed *without prejudice* and without requiring a response.  **Petitioner's attention is directed to the important notice on the next page**.

                                          Joseph R. McCrorey
                                          United States Magistrate Judge

March 10, 2010
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).